[See Case No. 6,284.]

———

## Case No. 6,284.

### HAZEL v. WATERS.

[3 Cranch, C. C. 682.][1]

Circuit Court, District of Columbia. Dec. Term, 1829.

ACTION ON CONSTABLE'S BOND—AVERMENT OF BREACH.

If, after setting forth the condition of the bond in the declaration, the plaintiff does not, in the declaration, show a breach of the condition, the mere averment of non-payment of the penalty does not show a cause of action.

[This was an action of debt upon a constable's bond by Zachariah Hazel against John Waters.]

The court having at December term, 1828, ordered the judgment to be arrested, and a venire de novo [Case No. 6,283], C. C. Lee, for plaintiff, moved the court for a reconsideration of the question of law; and contended, on the authority of the case of Minor v. Mechanics' Bank, 1 Pet. [26 U. S.] 67, that the averment of the non-payment of the penalty is a sufficient breach, after verdict.

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Wallach, contra. The plaintiff has set forth, in his declaration, as a special breach, what is no breach of the condition; and thereby shows that he has no cause of action.

C. C. Lee, in reply. In the Case of Minor there was no good breach set forth in the declaration, or in the replication; yet the court said that the averment, in the declaration, of the non-payment of the penalty, shows a good cause of action.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, absent). The court has again looked into this case, at the request of the plaintiff's counsel, who has referred us to the case of Minor v. Mechanics' Bank, 1 Pet. [26 U. S.] 67, and supposes that the averment in the declaration, that by reason of the breach of the condition of the bond, set forth in the declaration, the plaintiff is entitled to recover the penalty, and that the defendant has not paid the penalty, is a sufficient setting forth of a breach of the condition upon demurrer, although the breach of the condition, as set forth in the declaration, should, of itself, be insufficient. But that case is not applicable to the present. In that case there was a general plea of performance, and the replication put in issue the whole matter of defence; and the verdict, being general, and for the plaintiff, found the general breach as set forth in the replication. It is true that the court said, in that case, that the declaration assigned "a good breach, by the non-payment of the penal sum stated in the bond;" but that cannot mean a breach of the condition of the bond, for it was no part of the condition that the penalty should be paid. It is evident that by the word "breach," in that sentence, the judge must have meant a cause of action. The declaration in that case did set forth a good cause of action. It set forth the bond, without its condition, and averred the non-payment of the penalty as the cause of action. In the present case the condition is set forth in the declaration, which shows that no cause of action existed, unless there was a breach of that condition; and if, after setting forth the condition in the declaration, the plaintiff does not, in the declaration, show a breach of the condition, the mere averment of non-payment of the penalty does not show a cause of action. In Minor's Case [supra], the judge, in delivering the opinion of the supreme court, said: "That in a declaration upon a covenant for general performance of duty, if no breach be assigned, or a breach which is bad, as not being, in point of law, within the scope of the covenant, the defect is fatal, even after verdict." When the declaration itself sets out the condition of the bond, it is then like a declaration upon a covenant; and the law, as laid down by the judge, is exactly applicable to such a case. The court, therefore, is still of the opinion, that the declaration will not support a judgment for the plaintiff. Judgment arrested.